MICHAEL BAILEY
United States Attorney
District of Arizona

LISA E. JENNIS
Assistant U.S. Attorney
E-mail: Lisa.Jennis@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>Jill Marie Jones,<br><br>　　　　　Defendant. | 20-mj-08217-JZB<br><br>**MOTION TO EXTEND TIME TO INDICT AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**<br><br>**(First Motion)** |

　　　　The defendant was arrested on July 22, 2020, and the government initiated this felony case via complaint. Pursuant to 18 U.S.C. § 3161(b), an indictment should issue within 30 days of the defendant's arrest. However, D. Ariz. General Order 20-12 (issued March 16, 2020), General Order 20-20 (issued April 16, 2020), General Order 20-26 (issued May 28, 2020), General Order 20-27 (issued June 17, 2020), and General Order 20-35 (issued September 11, 2020) suspended grand jury proceedings from March 16, 2020 until on or after September 21, 2020. These General Orders were issued to address the same public health concerns related to COVID-19 described in General Orders 20-10 and 20-13, which have been superseded by General Order 20-15 (issued March 20, 2020) and extended by General Order 20-17 (issued March 27, 2020), General Order 20-20 (issued April 16, 2020), and General Order 20-26, all of which recognize continued COVID-19 health concerns.

　　　　The Speedy Trial Act automatically provides for an additional 30 days in which to seek an indictment "when no grand jury has been in session during [the] thirty-day period"

following a defendant's arrest. 18 U.S.C. § 3161(b). No government motion is required. *See United States v. Mann*, 701 F.3d 274, 284–85 (8th Cir. 2012) ("The plain language of section 3161(b) is unambiguous: where a grand-jury is not in session during the thirty-day period, 'the period of time for filing of the indictment shall be extended an additional thirty days.' 18 U.S.C. § 3161(b). Pursuant to the language of the statute, the extension of time is automatic; no Government motion is required.") In General Orders 20-12, 20-20, and 20-27, this Court also stated: "Pursuant to 18 U.S.C. § 3161(b), if any individual is charged in this district with a felony during this period when the grand jury is not in session, the period of time for presenting the case to the grand jury shall be extended an additional thirty days from the indictment deadline."

Because no grand jury was in session in the District of Arizona during the 30 days immediately following the defendant's arrest due to the previously identified General Orders, on August 21, 2020, the government gave notice that the indictment deadline is automatically extended for 30 days pursuant to 18 U.S.C. § 3161(b). (CR 12.)

For the reasons set forth below, and in light of General Order 20-35, the United States is requesting an additional 30-day extension of the time to indict.

**I.     Motion to extend time to indict for an additional 30 days and exclude time pursuant to 18 U.S.C. § 3161(h)(7)(A)**

The government is seeking, pursuant to 18 U.S.C. § 3161(h)(7)(A), a 30-day extension of the time to indict, in the interest of justice. Pursuant to General Order 20-35, grand jury proceedings will not resume in the District of Arizona until on or after September 21, 2020. Based on the grand jury's normal schedule, grand jury proceedings will not resume prior to September 22, 2020.

When grand jury proceedings do resume, the United States anticipates a modest delay in the time it will take to present cases to the grand jury due to the protocols that will be in place for the protection of the grand jurors and the public. This case is one of a voluminous number that need to be presented to the grand jury once it is back in session. There is a great backlog of cases that need to be presented due to the suspension, and the

government will need time to summon witnesses to present these cases, prepare the required forms, and set aside sufficient time before the grand jury within its usual scheduled meeting times to present each case affected by the suspension of grand jury proceedings. Therefore, an extension of the time to indict is in the interest of justice.

Although the Speedy Trial Act does not specifically address this situation, this Court has the discretion to exclude time in a given case based on pandemics, natural disasters, or other emergencies. *See Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981) (affirming two-week ends of justice continuance following eruption of Mt. St. Helens). As General Order 20-15 describes, General Order 20-12 incorporates, and General Orders 20-20, 20-26, and 20-27 reference, the President of the United States has declared a public health emergency in response to the spread of the virus, and the Governor of the State of Arizona has declared a public health emergency throughout the state. On May 12, 2020, the Governor of the State of Arizona issued Executive Order 2020-36 declaring that entities that serve the public may resume so long as they implement appropriate policies and practices to mitigate the spread of COVID-19. On June 12, 2020, the CDC issued guidance for enhancing the protection of individuals and preventing the spread of COVID-19 in public gatherings. In General Order 20-27, the Court recognized the need for appropriate protocols to be in place before grand jury proceedings could safely resume in the District of Arizona.

Although General Orders 20-15, 20-20, 20-26, and 20-27 address a district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Pollock*, 726 F.2d 1456, 1461 (9th Cir. 1984) (holding Speedy Trial Act ends-of-justice provision requires on-the-record findings for pre-indictment delay).

Pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (iii), it is unreasonable to expect return and filing of the indictment when the grand jury is not in session, or immediately upon its return, and the failure to grant an extension is likely to make continuation of the proceedings impossible and result in a miscarriage of justice. The government therefore moves this court for a 30-day extension of time from the current indictment deadline, and requests case-specific findings of fact be made which would justify an exclusion of time under the ends of justice exception.

## II. Conclusion

Based on the foregoing, this Court should enter an order making case-specific findings of fact that a 30-day extension of time to indict and excludable delay is appropriate in this particular case, under the ends-of-justice exception in § 3161(h)(7)(A).

Undersigned counsel has contacted defense counsel, who does not object to this motion.

Respectfully submitted this 18th day of September, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Lisa E. Jennis*
LISA E. JENNIS
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of September, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the following CM/ECF registrants:

Jami Johnson

*/s/ Mary Simeonoff*
U.S. Attorney's Office