1  MICHAEL  BAILEY
   United  States  Attorney
2  District  of  Arizona

3  LISA E. JENNIS
   Assistant  United  States  Attorney
4  DAVID A. PIMSNER
   Assistant  United  States  Attorney
5  Arizona  Bar No. 007480
   Two  Renaissance  Square
6  40 N. Central  Ave., Suite  1800
   Phoenix, Arizona  85004
7  Telephone:  602-514-7500
   Email: Lisa.Jennis@usdoj.gov
8  Email: david.pimsner@usdoj.gov
   Attorneys  for Plaintiff
9
                IN THE UNITED  STATES  DISTRICT  COURT
10
                  FOR THE DISTRICT  OF ARIZONA
11

12  United  States  of America,                    CR-20-00634-PHX-DWL

13                       Plaintiff,
                                          **(PROPOSED) STIPULATED**
14         vs.                            **PROTECTIVE  ORDER**

15
    Jill  Marie Jones,
16
                       Defendant.
17

18         Upon agreement  of the parties,  and good cause appearing,

19         IT IS HEREBY  ORDERED:

20         1.     The defense  and Defendant  shall  use the discovery  materials  solely  and

21  exclusively  in connection  with this case (including  investigation,  trial  preparation,  trial  and

22  appeal), and not for any commercial  or other purpose.

23         2.     Defense  counsel  may provide  the disclosure  to members  of the defense  team,

24  i.e., co-counsel,  investigators,  interpreters,  paralegals,  office  staff  (hereinafter  "defense

25  team") and the defendant.  Defense  counsel  must provide  a copy of the Protective  Order to

26  the recipient  of the disclosure.  Further,  the recipient  must sign the "Acknowledgement  of

27  Protective  Order in *United  States  v. Jill  Marie Jones* (hereinafter  Acknowledgement)

28  attached  hereto  as Exhibit  A, indicating  that he/she  has reviewed  the Protective  Order and

1
2
3

agrees to be bound by its terms and consents to the jurisdiction of this Court. The defense team receiving the disclosure shall not provide, reproduce or distribute in hard copy or electronic form any disclosure without further order of the Court.

4
5
6

     3.    Defense counsel may provide the disclosure for the use of his/her investigator and/or interpreter, but that investigator and/or interpreter shall not further copy said discovery without further order of the Court.

7
8
9

     4.    Defense counsel may provide the disclosure for the use of his/her paralegal and/or assistant, but that paralegal and/or assistant shall not further copy said discovery without further order of the Court.

10
11
12
13
14
15
16
17
18
19
20
21

     5.    This Order shall not prevent defense counsel from otherwise showing or discussing with his/her client evidence contained within that discovery. Defendant may review the disclosure in this case only in the presence of a member of the defense team – provided defense counsel is present, and Defendant's counsel of record shall ensure that Defendant is never left alone with any material. Defendant may not copy, keep, maintain or otherwise possess any disclosure in this case at any time.  Defendant must return the disclosure to the defense team at the conclusion of any meeting at which Defendant is permitted to view the disclosure.  Defendant may not take any of the disclosure out of the room in which they are meeting with the defense team.  Defendant may not write down or memorialize any of the disclosure.  Defendant may not disclose any of the disclosures or their contents, directly or indirectly, to any person or entity other than those employed to assist in the defense.

22
23
24

     6.    At the conclusion of any meeting with the Defendant, the member of the defense team present shall take the disclosure with him or her. At no time, will any of the disclosure be left in the possession, custody or control of the Defendant.

25
26
27
28

     7.    The Order shall not prevent defense counsel from otherwise using the disclosure to investigate, or prepare for its case. Defense counsel may use the disclosure to support any motion, direct-examination, cross-examination, etc., but may not attach any

1   disclosure from the Government as an exhibit to any motion without an accompanying

2   Motion to Seal said exhibit(s).

3         8.      The defense counsel, or members of the defense team, may disclose material

4   produced by the government to non-defense team members, such as experts or outside

5   investigators retained by the Defendant in this litigation, as follows:

6                 a.      Such disclosure may occur only as needed for the litigation.

7                 b.      The defense counsel must seek permission from the Court for such

8   disclosure.  Such authority can be sought and approved ex parte.

9                 c.      Defense counsel must provide the recipient a copy of the Protective

10   Order. The recipient must sign the Acknowledgement, indicating that he/she has

11   reviewed the Protective Order and agrees to be bound by its terms and consents to

12   the jurisdiction of this Court for the purpose of any proceedings relating to the

13   performance under, compliance with, or violation of this Order.

14                 d.      Such expert or investigator shall not further copy said discovery

15   without further order of the Court.

16         9.      Defense counsel shall maintain a list of persons to whom disclosure has been

17   provided and retain a copy of the Acknowledgement described above that must be signed

18   by all persons (defense team and non-defense team) receiving disclosure.

19         10.     Defense counsel, members of the defense team, and any non-defense team

20   members authorized to be in receipt of disclosure under the terms of this Protective Order,

21   shall maintain all disclosure in a secure and safe area and shall exercise the same standards

22   of due and proper care with respect to the storage, custody, use and/or dissemination of

23   such information as are exercised by the recipient with respect to his own confidential

24   information.

25         11.     The Defendant and all counsel (the "parties") are hereby bound to the

26   following restrictions with regard to any information, descriptors, photographs,

27   video/audio recordings or other information, including but not limited to, any actual or

28   cover name, identifier, or online account name, that could lead to the identity of any FBI

1    Online Covert Employee ("OCE").  In addition to the protections laid out in this Order,

2    any actual or cover name, identifier, or online account names used by any FBI OCE, and

3    any other descriptors, photographs, or video/audio recordings that could lead to the identity

4    of an OCE shall be designated Sensitive Information. To designate Sensitive Information,

5    the United States shall use the following designation, on the material itself, in an

6    accompanying cover letter or on a diskette cover or label: SENSITIVE INFORMATION-

7    SUBJECT TO PROTECTIVE ORDER. Discovery materials not designated Sensitive

8    Information are still subject to the protections of this Order.

9           a.      The parties will not publicly disclose the actual or cover name,

10          identifier, online account name, photographs, video/audio recordings, descriptors,

11          or any information that could lead to the identity of an OCE in any filing or at any

12          hearing in open court.

13          b.      The parties will not disseminate any information about an OCE except

14          to (a) members of the defense team; and (b) experts or outside investigators retained

15          to assist in the preparation of the defense.

16          c.      No one other than the defense counsel may maintain OCE-related

17          information.

18          d.      Discovery concerning an OCE will be used solely for the purpose of

19          allowing the defense team to prepare the Defendant's defense and for no other

20          purpose.

21          e.      All recordings and/or documents in which an OCE can be seen, heard,

22          or is discussed in terms that could lead to the disclosure of the actual or cover name,

23          identifier, or online account name of any OCE, may be copied or reproduced ONLY

24          for use by members of the defense team, excluding the Defendant, and non-defense

25          team members authorized to be in receipt of such information under the terms of

26          this Protective Order, and may only be provided and used to further the investigation

27          and preparation of this case.

28

1
2
3
4
5
6

        f.       All recordings and/or documents (including any copies or reproductions thereof) in which an OCE can be seen, heard or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any OCE that are provided to defense counsel, must be maintained at the office of defense counsel, and removed from such offices only by defense counsel.

7
8

        g.      No one other than the defense counsel may maintain such recordings, described above.

9
10
11

12. No discovery materials may leave the geographic confines of the United States. No discovery materials may be faxed, copied, electronically mailed, photographed, sketched, excerpted, or reproduced in any other fashion outside the United States.

12
13
14
15
16
17

13. Should any material provided by the government be improperly disclosed by a member of the defense team or a non-defense team member authorized to be in receipt of the material, defense counsel shall use his or her best efforts to obtain the return of any such material and to bind the recipient of the material to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the circumstances thereof.

18
19
20

14. Should defense counsel, any members of the defense team, or any other person authorized under the Protective Order discover that any material has been improperly disclosed, they shall notify the Court and United States.

21
22
23
24

15. All material provided to the defense team as part of the discovery materials in this case is now and will forever remain the property of the United States. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

25
26
27
28

16. At the end of these proceedings, defense counsel shall ensure that all copies of the discovery materials have been returned to defense counsel by defense experts, interpreters, investigators, other staff employed by defense counsel in connection with the

1
2

defense, and any other person to whom disclosure has been made under the terms of this Protective Order.

3
4
5
6
7
8

17.     Defense counsel may retain a copy of the discovery materials for the purpose of potential future litigation relating to this matter.  Upon conclusion of this case, defense counsel shall return all copies of the disclosure material to the government, including but not limited to all recordings and/or documents in which an OCE can be seen, heard or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any OCE and any copies thereof.

9
10
11
12

18.     Defense counsel may retain or destroy any notes made by Defendant, the defense, and defense experts, interpreters and investigators.  In the event that defense counsel withdraws from the case, the attorney agrees, absent any contrary agreement with the prosecutor, to return any previously disclosed material and all copies to the government.

13

So ordered this _____ day of _____, 2020.

14
15
16
17

_____
HONORABLE MICHAEL T. LIBURDI
United States Magistrate Judge

18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

Acknowledgment of Protective Order;

United States v. Jill Marie Jones, 20-8217 MJ

The undersigned acknowledges that he/she has read the Protective Order in United States v. Jill Marie Jones, 20-8217 MJ, attached hereto (or has been read the Protective Order), understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Protective Order obligate him/her to review and/or use the documents labeled, "SENSITIVE INFORMATION-SUBJECT TO PROTECTIVE ORDER" in accordance with the Protective Order, and not to disclose any such documents or information derived directly therefrom other than as permitted by the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or other sanctions.

Printed Name: _____     Date: _____

Signature: _____