**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America, | No. CR-20-00634-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jill Marie Jones, | |
| Defendant. | |

In October 2020, the grand jury returned an indictment charging Defendant Jill Marie Jones ("Jones") with one count of attempting to provide material support and resources to al Qaeda, a designated foreign terrorist organization. (Doc. 16.) The complaint asserts that much of the evidence against Jones consists of her communications via a social media platform with two individuals who, unbeknownst to her, were undercover FBI personnel. (Doc. 1.)

Now pending before the Court is the government's motion for a protective order. (Doc. 21.) Initially, the government requested that all of the "discovery materials" in this case be subject to a protective order. (Doc. 21-1 ¶ 1.) However, after Jones objected to that request on various grounds (Doc. 23), the government submitted a revised, narrower proposed order that would cover only one specific category of discovery material: "The redacted online communications and reports related to the online communications between the FBI Online Covert Employees (OCE) and Defendant, Jill Marie Jones." (Doc. 36-1 at 1.) Afterward, Jones sought (Doc. 37) and received (Doc. 40) permission to file a sur-

reply, in which she argues that the government's revised request remains objectionable. (Doc. 41.)

The government's motion for a protective order, as revised, will be granted.  Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."  This rule vests courts with "vast" discretion to fashion protective orders in appropriate circumstances.  *See* Charles Alan Wright, 2 Federal Practice and Procedure § 262 (4th ed. Oct. 2020 update).  "Protective orders in criminal cases are not uncommon," *United States v. O'Keefe*, 2007 WL 1239204, *2 (D.D.C. 2007), and courts have found that the entry of a protective order is particularly appropriate in cases involving "information vital to national security," *see* Wright, *supra*, § 262, and in cases where discovery material reveals details, sources, and methods of ongoing law enforcement investigations.  *See, e.g., United States v. Panas*, 738 F.2d 278, 285-86 (8th Cir. 1984).

Here, the government has met its burden of demonstrating that good cause exists to enter a protective order.  The communications and reports that would be covered by the protective order contain sensitive information related to how the FBI conducts national security-related criminal investigations—in particular, how undercover operatives identify and communicate with suspected terrorism supporters on social media platforms and the identity of those operatives.  The government has a strong, legitimate interest in avoiding the public disclosure of such information.

Jones's arguments to the contrary lack merit.  First, Jones argues that the government shouldn't be allowed to determine which documents are covered by the protective order—instead, she argues that each document should be filed with the Court, under seal, so the Court can then conduct a document-by-document review.  (Doc. 23 at 4-7.; Doc. 41 at 1-3.)  The Court finds this proposal to be inefficient, inconsistent with how protective orders usually work, and unnecessary, particularly because the government has now agreed to limit the protective order to a narrowly defined category of documents whose sensitive nature is apparent.  Furthermore, the proposed protective order affords

Jones the ability to challenge any of the government's coverage determinations should she conclude they are overbroad.  (Doc. 36-1 ¶ 16.  *See also* Doc. 36 at 8 [government's acknowledgment of same].)

Jones also objects because, even though "there may exist in this case certain sensitive information that warrants protection from public disclosure" (Doc. 23 at 7), the government's revised proposed protective order "fails to describe with sufficient particularly the documents it seeks to protect."  (Doc. 41 at 2.)  The Court disagrees.  The government has defined, in clear, easy to understand language, the subset of discovery material to be covered by the protective order: "The redacted online communications and reports related to the online communications between the FBI Online Covert Employees (OCE) and Defendant, Jill Marie Jones."  (Doc. 36-1 at 1.)

Finally, Jones argues that the revised proposed order would "intrude[] impermissibly on [her] First Amendment rights by seeking to restrict her use and dissemination of information already in her possession, custody, or control prior to any disclosures at all by the government."  (Doc. 23 at 8-12; Doc. 41 at 2, 5-6.)  This appears to be a red herring, as the proposed order sets forth detailed standards governing the use and dissemination of the *documents* that the government will be disclosing as part of the discovery process in this case.  (*See, e.g.,* Doc. 36-1 ¶ 5 ["Defense counsel may use the OCE Related Discovery Information to support any motion, but may not file in the public docket any OCE-Related Discovery Information as an exhibit to any motion without an accompanying Motion to seal said exhibit."].)  In an abundance of caution, the Court will clarify that the protective order does not restrict Jones's ability to utilize information that she possessed independent of the government's discovery disclosures in this case.  If the government wishes for the protective order to go further and cover such information, it may file another motion that sets forth the legal basis for such an extension, including its response to Jones's First Amendment arguments.

…

…

- 3 -

Accordingly, **IT IS ORDERED** that the government's motion for a protective order (Doc. 21), as revised (Doc. 36), is **granted**.  The government's revised proposed order (Doc. 36-1) will issue concurrently.

Dated this 4th day of January, 2021.

Dominic W. Lanza
United States District Judge