IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>vs.<br>Jill Marie Jones,<br>　　　　　Defendant. | CR-20-00634-1-PHX-DWL<br><br>**MODIFIED PROTECTIVE ORDER** |

Upon agreement of the parties, and good cause appearing,

IT IS HEREBY ORDERED:

The redacted online communications and reports related to the online communications between the FBI Online Covert Employees (OCE) and Defendant, Jill Marie Jones, are subject to this Protective Order and designated as "OCE-Related Discovery Information." To identify the redacted online communications and serials, the United States shall use the following designation, on the material itself, in an accompanying cover letter or on a diskette cover or label: OCE-RELATED DISCOVERY INFORMATION-SUBJECT TO PROTECTIVE ORDER.  The Defendant and all counsel (the "parties") are hereby bound to the following restrictions with regard to any OCE-Related Discovery Information:

1.	The defense and Defendant shall use the OCE-Related Discovery Information solely and exclusively in connection with this case (including investigation, trial preparation, trial and appeal), and not for any commercial or other purpose.

2.	Defense counsel may provide the disclosure to members of the defense team, i.e., co-counsel, investigators, interpreters, paralegals, office staff (hereinafter "defense team") and the defendant. Defense counsel must provide a copy of the Protective Order to the recipient of the disclosure. Further, the recipient must sign the "Acknowledgement of Protective Order in *United States v. Jill Marie Jones* (hereinafter Acknowledgement) attached hereto as Exhibit A, indicating that he/she has reviewed the Protective Order and agrees to be bound by its terms and consents to the jurisdiction of this Court. The defense team receiving the disclosure shall not provide, reproduce or distribute in hard copy or electronic form any disclosure without further order of the Court. The OCE-Related Discovery Information shall be maintained by the defense team at the offices of defense counsel without further order of the Court.

3.	This Order shall not prevent defense counsel from otherwise showing or discussing with his/her client evidence contained within that the OCE-Related Discovery information. Defendant may review the OCE-Related Discovery Information in this case only in the presence of a member of the defense team – provided a member of the defense team is present and the member of the defense team shall ensure that Defendant is never left alone with any OCE-Related Discovery Information.. Defendant may not copy, keep, maintain or otherwise possess any OCE-Related Discovery Information in this case at any time. Defendant must return the OCE-Related Discovery Information to the defense team at the conclusion of any meeting at which Defendant is permitted to view the disclosure. Defendant may not take any of the OCE-Related Discovery Information out of the room in which they are meeting with the defense team. Defendant may not write down or memorialize any of the OCE-Related Discovery Information. Defendant may not disclose any of the OCE-Related Discovery Information or their contents, directly or indirectly, to any person or entity other than those employed to assist in the defense.

4. At the conclusion of any meeting with the Defendant, the member of the defense team present shall take the OCE Related Discovery Information with him or her. At no time, will any of the disclosure be left in the possession, custody or control of the Defendant.

5. The Order shall not prevent defense counsel from otherwise using the OCE Related Discovery Information to investigate, or prepare for its case. Defense counsel may use the OCE Related Discovery Information to support any motion, but may not file in the public docket any OCE-Related Discovery Information as an exhibit to any motion without an accompanying Motion to seal said exhibit.

6. The defense counsel, or members of the defense team, may disclose OCE-Related Discovery Information produced by the government to non-defense team members such as outside investigators retained by the Defendant in this litigation, as follows:

    a. Such disclosure may occur only as needed for the litigation.

    b. The defense counsel must seek permission from the Court for such disclosure. Such authority can be sought and approved ex parte.

    c. Defense counsel must provide the recipient a copy of the Protective Order. The recipient must sign the Acknowledgement, indicating that he/she has reviewed the Protective Order and agrees to be bound by its terms and consents to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

    d. Such expert or investigator shall not further copy or disseminate said discovery without further order of the Court.

7. Defense counsel shall maintain a list of persons to whom OCE-Related Discovery has been provided and retain a copy of the Acknowledgement described above that must be signed by all persons (defense team and non-defense team) receiving disclosure.

8. Defense counsel, members of the defense team, and any non-defense team members authorized to be in receipt of OCE-Related Discovery under the terms of this Protective Order, shall maintain all disclosure in a secure and safe area.

9. No OCE-Related Discovery Material materials may leave the geographic confines of the United States. No discovery materials may be faxed, copied, electronically mailed, photographed, sketched, excerpted, or reproduced in any other fashion outside the United States.

10. Should any OCE-Related Material provided by the government be improperly disclosed by a member of the defense team or a non-defense team member authorized to be in receipt of the material, defense counsel shall use his or her best efforts to obtain the return of any such material and to bind the recipient of the material to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the United States of the unauthorized disclosure and identify the circumstances thereof.

11. Should defense counsel, any members of the defense team, or any other person authorized under the Protective Order discover that any OCE-Related Material has been improperly disclosed, they shall notify the Court and United States.

12. All material provided to the defense team as part of the OCE-Related Discovery Information in this case is now and will forever remain the property of the United States. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

13. At the end of these proceedings, defense counsel shall ensure that all copies of the OCE-Related Discovery materials have been returned to defense counsel by defense experts, interpreters, investigators, other staff employed by defense counsel in connection with the defense, and any other person to whom disclosure has been made under the terms of this Protective Order.

14. Defense counsel may retain a copy of the OCE-Related Discovery Material for the purpose of potential future litigation relating to this matter. At the conclusion of

all related proceedings and the termination of the defense counsel's representation of the Defendant, defense counsel may retain the OCE-Related Discovery Information as part of the client file for the adequate amount of time that defense counsel believes they need to retain the client file pursuant to any requirements of Arizona Rules of Professional Conduct ER 1.16.  At the conclusion of the retention period, defense counsel shall return all copies of the OCE-Related Discovery Information to the government or destroy the OCE-Related Discovery Information giving the government notice of the destruction.

15. Defense counsel may retain or destroy any notes made by Defendant, the defense, and defense experts, interpreters and investigators.  In the event that defense counsel withdraws from the case, the attorney agrees, absent any contrary agreement with the prosecutor, to return any previously disclosed material and all copies to the government.

16. Either party may seek modification of this Order upon a showing of good cause.

Dated this 4th day of January, 2021.

Dominic W. Lanza
United States District Judge

**EXHIBIT A**

Acknowledgment of Protective Order;

United States v. Jill Marie Jones, CR 20-00634-1-PHX-DWL

The undersigned acknowledges that he/she has read the Protective Order in United States v. Jill Marie Jones, CR 20-00634-1-PHX-DWL, attached hereto (or has been read the Protective Order), understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Protective Order obligate him/her to review and/or use the documents labeled, "OCE-RELATED DISCOVERY INFORMATION-SUBJECT TO PROTECTIVE ORDER" in accordance with the Protective Order, and not to disclose any such documents or information derived directly therefrom other than as permitted by the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court or other sanctions.

Printed Name: _____   Date: _____

Signature: _____