JON M. SANDS
Federal Public Defender
District of Arizona
850 W. Adams, Suite 201
Phoenix, Arizona  85007
Telephone: 602-382-2700

JAMI JOHNSON
New York State Bar # 4823373
Asst. Federal Public Defender
Attorney for Defendant
jami_johnson@fd.org

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>      vs.<br><br>Jill Marie Jones,<br><br>           Defendant. | No.  CR-20-00634-PHX-DWL<br><br>MOTION FOR RECONSIDERATION |

Defendant Jill Marie Jones ("Ms. Jones"), through undersigned counsel, hereby moves for reconsideration of this Court's order (Doc. 42) (the "order") granting the protective order attached as Exhibit 1 to the United States' reply to defendant's response to the government's motion for a protective order. Ms. Jones asks for reconsideration because the Court's order by its terms appears to impermissibly limit Ms. Jones' ability to communicate about or use materials that were generated by her, prior to the filing of charges in this case, and later returned to her in discovery by the government. The government may maintain that such materials are "provided" to Ms. Jones by the government, even though they were previously in her possession, were taken from her by the government the time of

her arrest, are now held by the government, and have been requested by her pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E)(iii).[1]

Ms. Jones was arrested July 23, 2020 at Phoenix Sky Harbor International Airport. She had with her some personal items, including but not limited to electronic devices, which were taken from her by the arresting FBI agents and have not been returned. Ms. Jones requested discovery and inspection of these devices under Federal Rule of Criminal Procedure 16(a)(1)(E)(iii) on October 15, 2020, but has not yet been provided with these materials. These materials, which the government is obligated to provide, may reasonably be expected to include "online communications . . . . between the FBI Online Covert Employees (OCE) and Defendant." (Doc. 43). Extractions of these materials could reasonably be referred to as a "report concerning the online communications between the FBI Covert Employees (OCE) and Defendant." *Id.*

This Court's order clarifies that the order "does not restrict Jones' ability to utilize information that she possessed independent of the government's discovery disclosures in this case," which suggests that the Court did not intend the order to apply to these materials because Ms. Jones did previously possess these materials independent of the government's disclosures. Nevertheless, the plain language of the protective order vests in the government the authority to stamp these materials as protected when they are returned to her in discovery, as they must be under the Federal Rules of Criminal Procedure.

---

[1] Ms. Jones has, as of the time of this filing, been provided no documents by the government that the government believes are subject to the protective order. She understands from the government that at least some such documents will be provided today, January 19, 2021, but of necessity files this motion for reconsideration now, 14 days after the entry of the protective order, so as not to invite arguments that requests for relief are untimely.

2

Ms. Jones therefore asks that this Court reconsider the order and amend it to provide that such protected materials *shall not include* any material taken from Ms. Jones and possessed by her prior to the government's seizure of it. This clarification is necessary because, as explained in Ms. Jones' response (Doc. 23) and sur-reply (Doc. 41) to the government's motion, the First Amendment does not permit imposition of a prior restraint on Ms. Jones's ability to communicate about or share materials reflecting her own communications that were in her possession before the government took them from her.

In the alternative, Ms. Jones requests that this Court clarify that its order does not apply to these materials.

These requests are made without waiving any previously stated objections in Ms. Jones' response or sur-reply to the government's motion, including but not limited to her objection to the delegation of the Court's authority to seal records to the United States. In support of her motion for reconsideration, Ms. Jones hereby incorporates by reference each of these arguments as though fully restated herein.

Respectfully submitted:   January 19, 2021.

JON M. SANDS
Federal Public Defender

 *s/Jami Johnson*
JAMI JOHNSON
Asst. Federal Public Defender

3