**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-00634-001-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Jill Marie Jones, | |
| Defendant. | |

On January 4, 2021, the Court issued an order granting the government's revised motion for a protective order. (Doc. 42.) In an effort to address one of Defendant Jill Marie Jones's ("Jones") objections to the government's motion, which was that the requested protective order would "place unconstitutional prior restraints on [her] First Amendment rights" by restricting her ability to disseminate information "already within her possession, custody, and control" (Doc. 23 at 11, capitalization omitted), the Court clarified, "[i]n an abundance of caution, . . . that the protective order does not restrict Jones's ability to utilize information that she possessed independent of the government's discovery disclosures in this case." (Doc. 42 at 3.)

Jones has now filed a motion for reconsideration. (Doc. 46.) The motion focuses on the transcripts of Jones's online communications with FBI undercover personnel, which were stored on the electronic devices Jones had in her possession at the time of her arrest (and which are now in the possession of the FBI). (*Id.* at 2.) Noting that "the plain language of the protective order vests in the government the authority to stamp these materials as

protected when they are returned to her in discovery," Jones "asks that this Court reconsider the order and amend it to provide that such protected materials shall not include any material taken from Ms. Jones and possessed by her prior to the government's seizure of it." (*Id.* at 2-3, emphasis omitted.)

Jones's motion for reconsideration is denied. In the earlier order, the Court specifically identified the transcripts of Jones's online communications with FBI undercover personnel as one of the categories of documents as to which "[t]he government has a strong, legitimate interest in avoiding . . . public disclosure," because such documents "contain sensitive information related to how the FBI conducts national security-related criminal investigations—in particular, how undercover operatives identify and communicate with suspected terrorism supporters on social media platforms and the identity of those operatives." (Doc. 42 at 2.) Revising the protective order to exclude those transcripts would defeat the whole point of the order.

Finally, Jones's renewed First Amendment argument is unavailing because the transcripts are not currently in her possession. As noted, the FBI took possession of Jones's electronic devices upon her arrest. Although the Court now recognizes that the earlier order's use of the word "possessed" may have created some ambiguity as to whether the carve-out applied to materials *currently* in Jones's possession or *ever* in Jones's possession, the Court's intent was for it to apply only to materials currently in Jones's possession. The transcripts do not fall within that category—Jones does not presently have copies of them and will only receive copies as a result of the government's compliance with its discovery obligations. It is permissible to restrict the dissemination of such discovery material via a protective order.

…

…

…

…

…

Accordingly,

**IT IS ORDERED** that Jones's motion for reconsideration (Doc. 46) is **denied**.

Dated this 22nd day of January, 2021.

Dominic W. Lanza
United States District Judge