| | |
|---|---|
| UNITED STATES COURT OF APPEALS | **FILED** |
| FOR THE NINTH CIRCUIT | JUL 23 2021 |
| | MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>v.<br><br>JILL MARIE JONES,<br><br>  Defendant-Appellant. | No.   21-10039<br><br>D.C. No. 2:20-cr-00634-DWL-1<br>District of Arizona,<br>Phoenix<br><br>ORDER |

Before:    SCHROEDER, M. SMITH, and MURGUIA, Circuit Judges.

A review of the record and the parties' responses to this court's March 26, 2021, order to show cause demonstrates that the court lacks jurisdiction over this appeal because the district court's orders granting the government's motion for a protective order and denying Jones's motion for reconsideration are not final judgments or otherwise appealable orders. *See* 28 U.S.C. § 1291; *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798-99 (1989) (describing collateral order doctrine). Appellant requests, alternatively, that this court review the district court's orders by exercising its power to issue a writ of mandamus, but appellant has not demonstrated that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus. *See Bauman v. U.S. Dist. Court*, 557 F.2d 650 (9th Cir. 1977).

**DISMISSED.**