# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> v. <br><br> Jill Marie Jones, <br><br> Defendant(s). | No. CR 20-00634-1-PHX-DWL <br><br> **ORDER SETTING FINAL PRETRIAL CONFERENCE** <br><br> [Trial: <u>**April 11, 2023, at 9:00 a.m.**</u>] |

Pursuant to Federal Rule of Criminal Procedure 17.1, a Final Pretrial Conference has been set for **<u>March 20, 2023, at 10:30 a.m.</u>** in Courtroom 601, Sandra Day O'Connor U.S. Federal Courthouse, 401 W. Washington St., Phoenix, Arizona 85003. In preparation for the Final Pretrial Conference, it is hereby ordered:

1. <u>Attendance Required</u>. Counsel who will be responsible for the trial of the case must attend the Final Pretrial Conference. The attendees must bring their calendars so trial scheduling can be discussed.

2. <u>Joint Pretrial Memorandum</u>. The parties must jointly develop and file with the Clerk of Court, at least **7 days** before the Final Pretrial Conference, a Joint Pretrial Memorandum. The Joint Pretrial Memorandum must contain the following in separate paragraphs:

   a. **Counts**. Identify (1) all counts contained in the indictment (or superseding indictment) that will be tried by jury; (2) all counts, if any, in the indictment (or superseding indictment) that have been dismissed; and (3) all counts, if any, the government intends to

dismiss before trial.

    b. **Forfeiture Allegations**. Identify any forfeiture allegation contained in the indictment (or superseding indictment), whether any forfeiture allegation in the indictment (or superseding indictment) has been dismissed, or whether the government intends to dismiss any forfeiture allegation in the indictment (or superseding indictment) before trial. Also identify, where applicable, the status of any pending related civil forfeiture proceeding, and whether the issue of forfeiture shall be determined by jury verdict or by the Court if a guilty verdict is returned by the jury.

    c. **Notices**. Identify all Notices of the Government's Intent to Use Evidence.

    d. **Motions in Limine**. Identify all pending motions in limine.

    e. **Other Motions**. Identify all pending motions (other than motions in limine).

    f. **Stipulations**. Identify and describe any joint stipulation that may be read or otherwise presented to the jury and treated as having been proved at trial. For example: "Stipulation of Fact: The drugs found in Defendant's vehicle weighed approximately one pound." Or: "Stipulation of Evidence: Bundles of drugs will be introduced as evidence at trial. There have been no breaks in the chain of custody between when the drugs were seized by law enforcement in this case and the date of trial."

    g. **Numbers of Witnesses and Exhibits**. Identify the approximate number of witnesses to be called and exhibits to be offered at trial.

    h. **Estimated Length of Trial**. Propose the estimated amount of time to be allocated for each stage of trial as follows:

        ___ hours: Jury Selection

          ___ hours: Opening Statements

          ___ hours: Government's Case (including rebuttal)

          ___ hours: Defendant's Case

          ___ hours: Closing Arguments

          ___ hours: Total

    i. **Interpreter**. State whether there will be a need for an interpreter at trial.

    j. **Procedures for Expediting Trial**. Discuss and report on all available procedures that might be used to expedite trial, including but not limited to: (1) using summary exhibits in place of voluminous documentary evidence; (2) stipulations on authenticity and foundation; (3) presenting direct expert testimony through summary or written reports; and (4) using the courtroom technology to expedite the presentation of evidence.

3.   <u>Notices Of Intent</u>. All Notices of the Government's Intent to Use Evidence must be filed and served at least **7 days** before the Final Pretrial Conference. Untimely notices are subject to being summarily denied or stricken by the Court.

4.   <u>Motions In Limine</u>. All motions in limine must be filed at least **14 days** before the Final Pretrial Conference. Responses must be filed at least **7 days** before the Final Pretrial Conference. No replies are permitted. Each party may file no more than five motions in limine. Each motion must include proposed language for the order being sought from the Court, and the proposed language must state with precision the evidence that is subject to the proposed order and the limitation or exclusion placed on the evidence. Additionally, each motion must contain a certification that the movant's counsel met and conferred in good faith with opposing counsel and the parties could not reach agreement. The motions and responses must be concise and must not exceed three pages in length. Counsel shall be prepared to argue the merits of such motions at the Final Pretrial Conference.

5. <u>Case-Related Documents</u>.  The parties must, at least **7 days** before the Final Pretrial Conference, file the following documents (and submit copies of these documents in Word format to the chambers email address at lanza_chambers@azd.uscourts.gov, as well as sending to chambers a paper courtesy copy of any document exceeding ten pages):

    a. **Stipulated Joint Statement Of The Case**.  This will be read to the jury.  If the parties have any disagreement about the statement, the party objecting shall state the reason for its objection below the statement and offer an alternative statement.

    b. **Joint Proposed Voir Dire**.  To the extent possible, the parties should stipulate to the proposed questions.  If the parties have any disagreement about a particular question, they must state the reason for their objection below the question.

    c. **Joint Proposed Verdict Forms**.  These should include any proposed special verdict forms or juror interrogatories.

    d. **Joint Proposed Jury Instructions**.  The joint list must contain the following four sections:

        (1) A list of all applicable Ninth Circuit Model Civil Criminal Instructions, which are at http://www3.ce9.uscourts.gov/jury-instructions/model-criminal.  If a model instruction is requested by both parties, the instruction shall be preceded by "ST" (stipulated-to).  If the instruction is requested by only one party, the instruction shall be preceded by either "PL" (Plaintiff) or "DF" (Defendant).

        (2) Any non-model instructions to which the parties have stipulated, with only one instruction per page.

        (3) Any non-model instructions requested by Plaintiff (numbered consecutively), with only one instruction per page.  Plaintiff shall include citation to authority to support the requested

instruction. Defendant shall state all objections to such instruction immediately following the instruction and Plaintiff's authority. Defendant shall support any objection with citation to authority. If Defendant offers an alternative instruction, such alternative instruction shall immediately follow Defendant's objection.

(4) Any non-model instructions requested by Defendant (numbered consecutively), with only one instruction per page. Defendant shall include citation to authority to support the requested instruction. Plaintiff shall state all objections to such instruction immediately following the instruction and Defendant's authority. Plaintiff shall support any objection with citation to authority. If Plaintiff offers an alternative instruction, such alternative instruction shall immediately follow Plaintiff's objection.

6. <u>Exhibits</u>. The parties must meet in person to exchange marked copies of all exhibits to be used at trial (excluding impeachment evidence not subject to early disclosure) no later than **7 days** before the Final Pretrial Conference. During this meeting, the parties also must eliminate any duplicate exhibits.[1] Further information about the Court's exhibit marking procedures can be found in the document entitled "Exhibit Procedures," which is available at www.azd.uscourts.gov under: Judges' Information → Orders, Forms and Procedures → Dominic W. Lanza.

---

[1] During the in-person meeting, the exhibits must be in the exact physical form that will be used at trial. In other words, if a party intends to offer a paper exhibit at trial, that party must have a marked paper copy at the in-person meeting, not an electronic copy. Also, the parties should mark their exhibits exactly as they intend to offer them at trial. During trial, exhibits will be admitted or rejected in their entirety. Thus, if any part of an exhibit is objectionable, it will be excluded in its entirety. Ordinarily, the parties will not be permitted to break offered exhibits into admissible sub-parts if an objection is sustained.

During trial, the parties must advise the Courtroom Deputy in advance which exhibits will be needed for each witness. All exhibits must be shown to opposing counsel before being offered.

7. <u>Witness List</u>. The parties are not required to submit a joint list of potential witnesses in advance of the Final Pretrial Conference. Instead, the parties may submit this list to the Court any time before the beginning of voir dire.

8. <u>Information for Court Reporter</u>. To facilitate the creation of an accurate record, please prepare a "Notice to Court Reporter" one week before the Final Pretrial Conference containing the following information:

    a. Proper names, including those of witnesses.
    b. Acronyms.
    c. Geographic locations.
    d. Technical (including medical) terms, names, or jargon.
    e. Case names and citations.
    f. Pronunciation of unusual or difficult words or names.

This notice need not be filed but must be provided via e-mail to Candy Potter at candy_potter@azd.uscourts.gov. Her contact number is 602-322-7246. Counsel also must advise the court reporter as soon as possible if they would like to receive a real-time feed or daily turnaround transcript of the proceedings.

Dated this 13th day of July, 2022.

_____
Dominic W. Lanza
United States District Judge